IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNITED STATES OF AMERICA                                                               PLAINTIFF

vs.                                    Case No. 1:09-CR-10018

COREY LAMONT HARRISON                                                                DEFENDANT

# ORDER

It has come to the Court's attention that, in July 2012, Defendant apparently filed a motion pursuant to 28 U.S.C. § 2255 related to his conviction for aiding and abetting the distribution of crack cocaine in March 2010. The Court never received that motion. On August 27, 2012, Defendant filed a motion for reduction of sentence (ECF No. 73), which the Court considered under 18 U.S.C. § 3582 and denied. (ECF No. 83). He then filed a motion for reconsideration (ECF No. 90), which was also denied. (ECF No. 93). For the reasons discussed below, the Court will now revisit Defendant's motion, and consider it under 28 U.S.C. § 2255.

On March 23, 2010, Defendant pleaded guilty to aiding and abetting to distribute 6.9127 grams of crack cocaine. On March 25, 2011, the Court sentenced him to 188 months imprisonment. Defendant's sentence was initially calculated with a base offense level of 24 based on the amount of crack cocaine stipulated in his plea agreement. He then received a four-level decrease for being a minimal participant in the criminal activity. However, because he was considered a career offender within the meaning of U.S.S.G. § 4B1.1, his offense level was increased to 34. Defendant then received a three-level decrease for acceptance of responsibility, bringing his total offense level to 31 with a criminal history category of VI. Defendant's

guideline range for imprisonment was 188 to 235 months, and he was sentenced at the bottom of that range.

In August 2010, after Defendant pleaded guilty but before his sentencing, the United States Sentencing Guidelines ("USSG") underwent some changes. On August 3, 2010, the Fair Sentencing Act ("FSA") went into effect increasing the drug amounts necessary to trigger a mandatory minimum sentence for crack cocaine offenses from 5 grams to 28 grams with respect to the 5-year minimum and from 50 grams to 280 grams with respect to the 10-year minimum. On November 1, 2010, an emergency amendment—Amendment 748 to the USSG—also went into effect, reducing the base offense levels within the Drug Quantity Table of U.S.S.G. § 2D1.1 for offenses involving crack cocaine. One year later, on November 1, 2011, Amendment 750 to the USSG became effective, making permanent the provisions of emergency Amendment 748.

Amendment 750 applies retroactively to reduce sentences that were imposed before its enactment and that were based on the quantity of crack cocaine. Amendment 750, however, does not provide for a reduction in sentence for sentences imposed under the career offender provisions of U.S.S.G. § 4B1.1. For that reason, Defendant did not benefit from Amendment 750. He was sentenced under the career offender guidelines, pursuant to U.S.S.G. § 4B1.1. He was not sentenced based on the quantity of crack cocaine, pursuant to U.S.S.G. § 2D1.1. Accordingly, the Court denied his previous motions for reduction in sentence under 18 U.S.C. § 3582. (ECF No.'s 83 & 93).

Despite its previous rulings, the Court has reconsidered Defendant's sentence for a third time to determine whether the FSA may still have some effect on his term of imprisonment. After further review, Defendants sentence should be adjusted. Considering the nature of relief Defendant seeks, if the Court construes Defendant's motion (ECF No. 73) as a motion to vacate,

set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, rather than a motion for reduction of sentence under 18 U.S.C. § 3582, the more lenient penalties of the FSA are applicable.

Section 2255(a) provides that a "prisoner in custody under sentence…claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States,…or is otherwise subject to collateral attack, may move the court…to vacate, set aside or correct the sentence." "If the court finds that…the sentence imposed was not authorized by law or otherwise open to collateral attack,…the court shall…resentence him or…correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). Such a correction is appropriate, here, upon considering the Supreme Court's decision in *Dorsey v. U.S.*, 132 S.Ct. 2321 (2012).

In *Dorsey*, the Court held that the new, more lenient penalty provisions of the FSA "apply to offenders whose crimes preceded August 3, 2010, but who are sentenced after that date." *Id*. at 2331. In this case, Defendant falls squarely within that category of offenders. Therefore, Defendant's statutory maximum sentence as a career offender—and the corresponding offense level under U.S.S.G. § 4B1.1—is reduced. *Dorsey*, in essence, made clear that offenders sentenced under the career offender statute are subject to the FSA's more lenient penalties, just as those offenders sentenced based on the quantity of crack cocaine are subject to lower penalties pursuant to Amendment 750 to the USSG.

In this case, Defendant pled guilty to aiding and abetting to distribute five grams or more of crack cocaine. Under the law before the FSA went into effect, the minimum term of imprisonment for that offense was five years, and the maximum term of imprisonment was 40 years. 21 U.S.C. § 841(b)(1)(A)(iii). Because Defendant was found to be a career offender, he was subject to the statutory maximum of 40 years. His career offender status, thus, required a

base offense level of 34 under the career offender guidelines. *See* U.S.S.G. § 4B1.1. The Court then applied a three-level reduction for acceptance of responsibility bringing his total offense level to 31.

Since *Dorsey*, however, the statutory maximum penalty under the FSA for Defendant's offense is 20 years rather than 40 years. 21 U.S.C. § 841(b)(1)(B)(iii). Correspondingly, Defendant's statutory maximum offense level should be 32 instead of 34. U.S.S.G. § 4B1.1(b)(3). Applying the same three-level reduction for acceptance of responsibility, as applied before, Defendant's total offense level should be 29 combined with a criminal history category of VI. Defendant's guideline range is therefore 151 to 188 months imprisonment, rather than the 188 to 235 months under which he was sentenced previously. Although Defendant's current sentence of 188 months still technically falls within the upper end of this reduced guideline range, the Court finds it appropriate to sentence Defendant at the lower end of that range.

Accordingly, Defendant's motion (ECF No. 73) is hereby **GRANTED** pursuant to 28 U.S.C. § 2255. Defendant's previous sentence of 188 months is corrected to reflect the new guideline range under the FSA for career offenders, and Defendant is hereby sentenced to 151 months imprisonment. An amended judgment and commitment order will be entered consistent with this order.

**IT IS SO ORDERED**, this 11th day of February, 2013.

/s/ Harry F. Barnes
Harry F. Barnes
United States District Judge